IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF GEORGIA
STATESBORO DIVISION

DANIEL ERIC COBBLE,

    Petitioner,

v.

WARDEN ROBERT TOOLE, Georgia State Prison,

    Respondent.

CIVIL ACTION NO.: 6:15-cv-14

## **ORDER and MAGISTRATE JUDGE'S REPORT AND RECOMMENDATION**

As detailed below, Petitioner has failed to follow this Court's directive to update the Court on his current mailing address. Therefore, the Court has no means to communicate with Plaintiff and cannot effectively administer this case. Consequently, it is my recommendation that the Court **DISMISS** this action without prejudice, **DENY** Petitioner leave to appeal in forma pauperis, and **DENY** him a certificate of appealability.

### BACKGROUND

Petitioner filed an action under 28 U.S.C. § 2254 contesting the legality of his confinement. (Doc. 1.) Petitioner contemporaneously filed a Motion to Proceed *In Forma Pauperis*. (Doc. 2.) Petitioner's Motion was granted by Order dated April 24, 2015. (Doc. 3.) Additionally, Petitioner was informed by the Court's April 24, 2015 Order of his obligation to inform the Court, in writing, of any change of address and that his failure to do so would result in the dismissal of his cause of action. (Doc. 3, p. 3.)

The Court's April 24, 2015 Order was returned to the Court and marked "Return to Sender" on May 4, 2015, because Petitioner was no longer incarcerated at Georgia State Prison

in Reidsville, Georgia, but had been moved to the Bibb County Law Enforcement Center in Macon, Georgia, as noted on the returned mailing. (Doc. 4.) Petitioner failed to inform the Court, in writing or otherwise, of any new or different address; however, the Clerk's Office forwarded the April 24, 2015 Order to Petitioner at the Bibb County Law Enforcement Center. This mailing was again returned to the Court as undeliverable on May 13, 2015. (Doc. 6.) The Court issued another Order dated May 7, 2015, (doc. 5), which was mailed to Petitioner at the Bibb County Law Enforcement Center on May 8, 2015. This Order was returned to the Court on May 26, 2015. (Doc. 7.)

On June 10, 2015, Respondent filed his Answer in response to the Petition (doc. 8) and his Motion to Dismiss the Petition (doc. 9). By Order dated June 12, 2015, the Court directed Petitioner to: (1) file any objections to the Respondent's motion to dismiss; and (2) immediately inform the Court of his current address. (Doc. 10.) Petitioner was again advised that failure to comply with the Court's requirements could result in the dismissal of this action. (Doc. 10, p. 2.) The Court's June 12, 2015 Order was mailed to Petitioner at Georgia State Prison and the Bibb County Law Enforcement Center; however, both mailings were returned undeliverable. (Docs. 11, 12.)

Given Petitioner's failure to provide the Court with any other mailing address and the return of several previous mailings sent to Petitioner's attention at Georgia State Prison and the Bibb County Law Enforcement Center, the Court has been unable to communicate effectively with Petitioner regarding the progress of these proceedings.

## DISCUSSION

**I.     Dismissal For Failure to Prosecute and Follow This Court's Orders**

A district court may dismiss a plaintiff's claims sua sponte pursuant to either Federal Rule of Civil Procedure 41(b) ("Rule 41(b)") or the court's inherent authority to manage its docket. Link v. Wabash Railroad Company, 370 U.S. 626 (1962);[1] Coleman v. St. Lucie Cty. Jail, 433 F. App'x 716, 718 (11th Cir. 2011) (citing Fed. R. Civ. P. 41(b) and Betty K Agencies, Ltd. v. M/V MONADA, 432 F.3d 1333, 1337 (11th Cir. 2005)). In particular, Rule 41(b) allows for the involuntary dismissal of a plaintiff's claims where he has failed to prosecute those claims, comply with the Federal Rules of Civil Procedure or local rules, or follow a court order. Fed. R. Civ. P. 41(b); see also Coleman, 433 F. App'x at 718; Sanders v. Barrett, No. 05-12660, 2005 WL 2640979, at *1 (11th Cir. Oct. 17, 2005) (citing Kilgo v. Ricks, 983 F.2d 189, 192 (11th Cir. 1993)); cf. Local R. 41.1(b) ("[T]he assigned Judge may, after notice to counsel of record, sua sponte . . . dismiss any action for want of prosecution, with or without prejudice[,] . . . [based on] willful disobedience or neglect of any order of the Court." (emphasis omitted)). Additionally, a district court's "power to dismiss is an inherent aspect of its authority to enforce its orders and ensure prompt disposition of lawsuits." Brown v. Tallahasse Police Dep't, 205 F. App'x 802, 802 (11th Cir. 2006) (quoting Jones v. Graham, 709 F.2d 1457, 1458 (11th Cir. 1983)).

It is true that dismissal with prejudice for failure to prosecute is a "sanction . . . to be utilized only in extreme situations" and requires that a court "(1) conclud[e] a clear record of delay or willful contempt exists; and (2) mak[e] an implicit or explicit finding that lesser sanctions would not suffice." Thomas v. Montgomery Cty. Bd. of Educ., 170 F. App'x 623,

---

[1] In Wabash, the Court held that a trial court may dismiss an action for failure to prosecute "even without affording notice of its intention to do so." 370 U.S. at 633. Nonetheless, in the case at hand, the Court advised Petitioner that his failure to notify the Court of his change of address would result in dismissal of this action. (Doc. 3, p. 3.)

625–26 (11th Cir. 2006) (quoting Morewitz v. West of Eng. Ship Owners Mut. Prot. & Indem. Ass'n (Lux.), 62 F.3d 1356, 1366 (11th Cir. 1995)); see also Taylor v. Spaziano, 251 F. App'x 616, 619 (11th Cir. 2007) (citing Morewitz, 62 F.3d at 1366). By contrast, dismissal without prejudice for failure to prosecute is not an adjudication on the merits, and, therefore, courts are afforded greater discretion in dismissing claims in this manner. Taylor, 251 F. App'x at 619; see also Coleman, 433 F. App'x at 719; Brown, 205 F. App'x at 802–03.

While the Court exercises its authority to dismiss cases with caution, dismissal is appropriate in the case at hand. See Coleman, 433 F. App'x at 719 (upholding dismissal without prejudice for failure to prosecute where plaintiff did not respond to court order to supply defendant's current address for purpose of service). Without a proper address for Petitioner, the Court has no means to adjudicate the merits of his claims. Moreover, he was given ample notice of his obligation to inform this Court of any change of address, and he failed to do so.

Due to Petitioner's failure to follow the instructions of this Court, it is my **RECOMMENDATION** that his Petitioner be **DISMISSED**, without prejudice.

## II. Leave to Appeal In Forma Pauperis and Certificate of Appealability

The Court should also deny Petitioner leave to appeal in forma pauperis, and he should be denied a Certificate of Appealability ("COA"). Though Petitioner has, of course, not yet filed a notice of appeal, it would be appropriate to address these issues in the Court's order of dismissal. See Thomas v. Crosby, 371 F.3d 782, 797 (11th Cir. 2004) (Tjoflat, J., specially concurring) ("A district court may sua sponte grant or deny a COA at the same time it rules on the merits of a habeas petition or rejects it on procedural grounds. This is arguably the best time for a district judge to decide this matter because the issues are still fresh in [the district court's] mind."); Alexander v. Johnson, 211 F.3d 895, 898 (5th Cir. 2000) (approving sua sponte denial of COA

4

before movant filed a notice of appeal); FED. R. APP. P. 24(a)(3) (trial court may certify that appeal is not take in good faith "before or after the notice of appeal is filed").

An appeal cannot be taken in forma pauperis if the trial court certifies, either before or after the notice of appeal is filed, that the appeal is not taken in good faith. 28 U.S.C. § 1915(a)(3); FED. R. APP. P. 24(a)(3). Good faith in this context must be judged by an objective standard. Busch v. Cnty. of Volusia, 189 F.R.D. 687, 691 (M.D. Fla. 1999). A party does not proceed in good faith when he seeks to advance a frivolous claim or argument. See Coppedge v. United States, 369 U.S. 438, 445 (1962). A claim or argument is frivolous when it appears the factual allegations are clearly baseless or the legal theories are indisputably meritless. Neitzke v. Williams, 490 U.S. 319, 327 (1989); Carroll v. Gross, 984 F.2d 392, 393 (11th Cir. 1993). Or, stated another way, an in forma pauperis action is frivolous and, thus, not brought in good faith, if it is "without arguable merit either in law or fact." Napier v. Preslicka, 314 F.3d 528, 531 (11th Cir. 2002); see also Brown v. United States, Nos. 407CV085, 403CR001, 2009 WL 307872, at *1–2 (S.D. Ga. Feb. 9, 2009).

Additionally, under 28 U.S.C. § 2253(c)(1), an appeal cannot be taken from a final order in a habeas proceeding unless a certificate of appealability is issued. A certificate of appealability may issue only if the applicant makes a substantial showing of a denial of a constitutional right. The decision to issue a certificate of appealability requires "an overview of the claims in the habeas petition and a general assessment of their merits." Miller-El v. Cockrell, 537 U.S. 322, 336 (2003). In order to obtain a certificate of appealability, a petitioner must show "that jurists of reason could disagree with the district court's resolution of his constitutional claims or that jurists could conclude the issues presented are adequate to deserve encouragement to proceed further." Id. "Where a plain procedural bar is present and the district court is correct

to invoke it to dispose of the case, a reasonable jurist could not conclude either that the district court erred in dismissing the petition or that the petitioner should be allowed to proceed further." Slack v. McDaniel, 529 U.S. 473, 484 (2000); see also Franklin v. Hightower, 215 F.3d 1196, 1199 (11th Cir. 2000). "This threshold inquiry does not require full consideration of the factual or legal bases adduced in support of the claims." Miller-El, 537 U.S. at 336.

Based on the above analysis of Petitioner's action and applying the certificate of appealability standards set forth above, there are no issues worthy of a certificate of appeal, and therefore, the Court should **DENY** the issuance of a certificate. Furthermore, as there are no non-frivolous issues to raise on appeal, an appeal would not be taken in good faith. Thus, in forma pauperis status on appeal should likewise be **DENIED**.

## CONCLUSION

For the above-stated reasons, it is my **RECOMMENDATION** that this action be **DISMISSED**, without prejudice, and that the Clerk of Court be directed to enter the appropriate judgment of dismissal and to **CLOSE** this case. I further recommend that the Court **DENY** Petitioner a Certificate of Appealability and **DENY** him leave to proceed in forma pauperis on appeal.

Any party seeking to object to this Report and Recommendation is **ORDERED** to file specific written objections within fourteen (14) days of the date on which this Report and Recommendation is entered. Any objections asserting that the undersigned failed to address any contention raised in the pleading must also be included. Failure to do so will bar any later challenge or review of the factual findings or legal conclusions herein. See 28 U.S.C. § 636(b)(1)(C); Thomas v. Arn, 474 U.S. 140 (1985). A copy of the objections must be served upon all other parties to the action. Upon receipt of objections meeting the specificity

requirement set out above, a United States District Judge will make a de novo determination of those portions of the report, proposed findings, or recommendation to which objection is made and may accept, reject, or modify, in whole or in part, the findings or recommendations made herein. Objections not meeting the specificity requirement set out above will not be considered by the District Judge.

**SO REPORTED** and **RECOMMENDED**, this 15th day of July, 2015.

_____
R. STAN BAKER
UNITED STATES MAGISTRATE JUDGE
SOUTHERN DISTRICT OF GEORGIA